**DEREK SMITH LAW GROUP, PLLC**
ERICA A. SHIKUNOV, ESQUIRE
Attorney ID No. 316841
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
erica@dereksmithlaw.com
*Attorneys for Plaintiff, Paul Tobin*

## IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PAUL TOBIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 21-cv-01579-PD |
| v. | : | |
| | : | |
| CHICHESTER SCHOOL DISTRICT; | : | |
| FRED SERINO (individually); DANIEL | : | |
| NERELLI (individually); ANTHONY | : | |
| TESTA (individually); JAMES | : | |
| STEWART (individually); MICHAEL | : | |
| CIVERA (individually), | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

---

### PLAINTIFF'S PRE-TRIAL MEMORANDUM

---

DEREK T. SMITH LAW GROUP, PLLC
Attorneys for Plaintiff
Erica A. Shikunov, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790

Erica A. Shikunov, an attorney duly admitted to practice law before the District Court of the Eastern District of Pennsylvania, hereby sets forth the following Pre-Trial Memorandum.

I am an attorney with the Derek Smith Law Group, PLLC, attorneys of record for the Plaintiff herein. As such, I am fully familiar with the facts and circumstances of this matter based on a review of the documentation contained in the file maintained by this office, which I believe to be true.

## PRE-TRIAL MEMO

Plaintiff Paul Tobin, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, respectfully submits this Pre-Trial Memorandum.

## I.   NATURE OF THE ACTION AND JURISDICTION

Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"); the American with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq ("ADA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRA"); under the laws of the Commonwealth of Pennsylvania, and seeks damages to redress injuries Plaintiff suffered as a result of discrimination and retaliation which ultimately led to Plaintiff's unlawful termination by his employer.

This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act, and the Americans with Disabilities Act. The honorable Court has supplemental jurisdiction over the Commonwealth law Causes of Action. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in Delaware County where the discrimination complained of occurred. On or about November 25, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment

Opportunity Commission ("EEOC") against Defendants as set forth herein. Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations. On or about March 19, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights. This action is commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights.

## II.   BRIEF STATEMENT OF FACTS

Plaintiff PAUL TOBIN (hereinafter also referred to as Plaintiff and "TOBIN") is an individual male who is a resident of the State of Pennsylvania. In or around 2003, PLAINTIFF was diagnosed with Bipolar disorder (hereinafter referred to as "disability"), which substantially limits several life activities, including but not limited to concentrating and working. On or around June 1, 2016, Defendant CHICHESTER hired PLAINTIFF as the Director of Facilities. In or around February 2019, PLAINTIFF suffered an extreme flare up of his disability and took a leave of absence to treat same. During PLAINTIFF'S leave of absence, Defendant CIVERA (Caucasian) acted as interim Director of Facilities.

In or around November 2019, PLAINTIFF returned to work without restrictions, as a Supervisor. Thereafter, Defendant CIVERA officially assumed the role of Director of Facilities. In late-February 2020, Defendants' Facilities Secretary and Food Services Secretary informed PLAINTIFF that Defendant CIVERA

2

boasted about unauthorized access into the Human Resources office afterhours and accessed PLAINTIFF'S medical records from his personnel file. Later that same month, the above-mentioned employees informed PLAINTIFF that Defendant CIVERA read a meme using a racial epithet, with several black and/or minority employees present at the time. As a joke, Defendant CIVERA stated that he had recently responded to a fire in a predominately black community, and that the cause of the fire was determined to be an "NBC". Defendant CIVERA explained that "NBC" stood for "Niggers Burning Chicken". PLAINTIFF had also personally witnessed, on two separate occasions, Defendant CIVERA use the word "nigger" when referring to black people.

On March 2, 2020, PLAINTIFF met with Defendant NERELLI and Defendant PUCKETT and complained of Defendant CIVERA'S racist remarks. PLAINTIFF also complained that Defendant CIVERA'S wrongfully accessed PLAINTIFF'S medical records. Further, Plaintiff explained that because Defendant SERINO and Defendant CIVERA were friends outside of the workplace, employees were in fear of complaining of Defendant CIVERA'S conduct to Defendant SERINO. Defendants NERELLI and PUCKETT stated they would investigate PLAINTIFF'S complaint. Shortly thereafter, following the March 2, 2020 meeting, PLAINTIFF submitted a written statement outlining Defendant CIVERA'S discriminatory and harassing conduct to Defendants NERELLI and PUCKETT.

On June 18, 2020, another employee informed PLAINTIFF that a few months prior, DEFENDANT CIVERA yelled "nigger" when he became frustrated while on a job assignment. On June 18, 2020, PLAINTIFF reiterated his complaints of Defendant CIVERA'S conduct and Defendant's lack of remedial action to Defendant NERELLI. On June 23, 2020, Defendant SERINO informed PLAINTIFF that an investigation was conducted, and that Defendant CIVERA was "disciplined" for his actions. On July 1, 2020, PLAINTIFF directly emailed Chichester School Board to report Defendant CIVERA'S conduct and requested that a second investigation be conducted. On July 7, 2020, within a week of his complaint, Defendant CIVERA gave PLAINTIFF a write up for alleged insubordination for failing to complete a work assignment. The insubordination claims were false. Prior to reporting race discrimination, PLAINTIFF had never received a write up.

On July 9, 2020, PLAINTIFF contacted Defendant TESTA to appeal the write up that he received. PLAINTIFF did not receive a response from Defendant TESTA. On July 16, 2020, Defendant CHICHESTER'S President of the School Board, Ms. Ruth Ann Baiocco, informed PLAINTIFF that an investigation was being conducted into his complaints against Defendant CIVERA. PLAINTIFF never received any findings of the investigation. On August 27, 2020, Defendant CIVERA informed Plaintiff that he had been permanently transferred from supervising the day shift (8:00 A.M. to 4:30 P.M.) to the evening shift (3:00 p.m. to 11:30p.m.). PLAINTIFF

had worked the day shift his entire employment with Defendant. The shift change was a clear act of retaliation for PLAINTIFF'S complaints of race discrimination. On September 1, 2020, PLAINTIFF provided a doctor's note to Defendant SERINO that advised that switching to evening shift would disrupt the treatment for his disability, and that he needed to stay on the day shift. PLAINTIFF'S doctor advised that the change in his work schedule would be detrimental to PLAINTIFF'S mental health, hormonal balance with his medication, and sleep hygiene. Defendant SERINO simply responded to PLAINTIFF that he was acting in an insubordinate manner for refusing to accept the evening shift transfer. However, PLAINTIFF was not being insubordinate. PLAINTIFF was reminding Defendant SERINO of a serious disability from which he suffered, a disability which had caused him to miss several months of work not even a year prior. Further, PLAINTIFF was providing doctor's notes stating that he could not work the shift they were attempting to force him to work, in direct retaliation for him reporting Defendant CIVERA'S racist remarks.

On September 4, 2020, Defendant SERINO informed PLAINTIFF that he would need to attend a meeting to engage in the interactive process as required under the ADA. Defendant SERINO informed PLAINTIFF that he could retain legal counsel if desired. At that time, PLAINTIFF retained an attorney. On September 25, 2020, PLAINTIFF attended the interactive process meeting with his counsel, to

discuss his accommodation in the form of staying on the day shift. Despite this interactive process meeting, no accommodations were discussed. Rather, Defendant SERINO pressured PLAINTIFF to obtain an updated doctor's note. On September 28, 2020, Defendant SERINO informed PLAINTIFF that his request to work the day shift was denied. Further, at no point in time did Defendants explain or articulate why PLAINTIFF could not work the day shift.  Thereafter, PLAINTIFF requested the ADA paperwork several times, however, Defendants did not provide it to him. PLAINTIFF, in accordance of his medical restrictions, uses his personal time off to leave early from the night shift. On numerous occasions, Defendant SERINO threatened to discipline PLAINTIFF for using his PTO to leave early from the night shift, despite knowledge of his medical condition, his need for accommodation, and his doctor's restrictions which barred him from making the retaliatory shift change.

On October 5, 2020, Defendants issued PLAINTIFF a disciplinary letter for failing to properly secure a cabinet to a wall on August 19, 2020. PLAINTIFF had completed the task along with his coworker Rock Williams (African American). Upon information and belief, Defendants originally gave the write up to Mr. Williams. However, after Mr. Williams complained to Defendants of race discrimination, pointing out that seven employees worked on the installation and he, the only black employee who had worked the project, was the only one being written

up. Thereafter, Defendant instead gave the exact same write up to PLAINTIFF. Upon information and belief, no other party was written up.

On November 6, 2020, Defendant SERINO placed Plaintiff on administrative leave with pay for allegedly, inter alia, failing to return his FMLA paperwork, filing to inform Defendants if he could work evening shifts in its entirety, falsifying daily logs and reports of completion of assignments, as well allegedly calling Defendant CIVERA "Mussolini". PLAINTIFF made multiple attempts to have his paperwork completed, but his efforts were stymied due to the COVID-19 pandemic and alternating doctors' offices. DEFENDANTS' allegations are categorically false and fabricated to characterize PLAINTIFF as an insubordinate employee. Despite DEFENDANTS' knowledge of PLAINTIFF's disability, and need for accommodation in the form of returning to the day shift, DEFENDANTS' refused to accept PLAINTIFF's physician note and return him to the day shift. DEFENDANT's allegations are pretextual. The foregoing allegations are a clear act of retaliation against PLAINTIFF for his disability, engaging in his protected activities under the ADA and FMLA, and/or for engaging in a protected activity under Title VII by complaining of race discrimination and/or harassment. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

### III.   PLAINTIFF'S ITEMIZED STATEMENT OF DAMAGES AND RELIEF SOUGHT

The following is an itemized break down of the damages and relief sought in this matter:

1. **Compensatory Damages-Lost Wages**

At the time of Plaintiff's termination in December 2020, Plaintiff was making approximately $64,719.00 per year. Following his discharge, Plaintiff was unable to secure employment until April 2021, when he took a position as a full-time maintenance worker, earning approximately $32,000.00 per year. From Plaintiff's time of discharge, until he secured a new position, Plaintiff lost wages totaling $26,966.25. For 2021, through the date of trial, Mr. Tobin will have lost an additional $24,539.25 bringing his total backpay to $51,505.50. Mr. Tobin suffers losses of approximately $32,719.00 per year, despite appropriate mitigation efforts. Mr. Tobin seeks ten years front pay damages at that rate, or $327,190.00. This brings Mr. Tobin's total compensatory damages to $378,695.50. Plaintiff seeks the annual salary at the time of his termination times 10 years plus bonuses, commissions, health insurance, pension, profit sharing and all other expected raises and benefits.

2. **Emotional Damages**

Plaintiff has suffered severe emotional distress as a result of the discrimination and retaliation he endured with Chichester School District. Plaintiff's expert witness has detailed in his report that the discrimination and retaliation that Plaintiff endured

with Defendants has been a significant and contributing factor to his medical diagnosis. As a result, Plaintiff is seeking $2,000,000 in emotional damages at trial. Plaintiff would note that while he is aware that his Title VII claims cap his damages, his continuing violations claims under the Pennsylvania Human Relations Act do not cap his Emotional Damages.

### 3. Attorneys' Fees

Plaintiff is seeking attorneys' fees at the time of trial. At the time of trial, attorneys' fees could be more than $500,000 given the length of litigation and the amount of time put in by Counsel. Plaintiff reserves the right to amend this fee as the litigation progresses.

### IV.   WITNESS LIST

Plaintiff intends upon calling the following witnesses, all of whom were disclose to Counsel well before the submission of this memorandum. Plaintiff reserves the right to call any witness listed on Defendants' witness list and to not call anyone on her own witness list. The following witnesses are not necessarily listed in order in which they will be called to testify:

**Liability Witnesses**

1. Paul Tobin (Plaintiff)
   (Address provided on caption of Complaint; Plaintiff is to be contacted on through undersigned counsel).
   Plaintiff can provide information on the factual underpinnings for all causes of action set forth in the Complaint. Plaintiff can also provide information on Plaintiff's damages.

2. <u>Daniel Nerelli (Agent of Defendants — Superintendent)</u>
(Defendants are in possession of this person's last known address)
Mr. Nerelli can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Nerelli can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Nerelli has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

3. <u>Anthony Testa (Agent of Defendants — Business Administrator)</u>
(Defendants are in possession of this person's last known address)
Mr. Testa can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Testa can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Testa has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

4. <u>James Stewart (Agent of Defendants — President (Chichester Administrators Association)</u> (Defendants are in possession of this person's last known address)
Mr. Stewart can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Stewart can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Stewart has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

5. Fred Serino (Agent of Defendants – Assistant to the Superintendent for Human Resources)
(Defendants are in possession of this person's last known address)
Mr. Serino can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Serino can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Serino has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

6. Michael Civera (Agent of Defendants — Director of Facilities)
(Defendants are in possession of this person's last known address)
Mr. Civera can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Civera can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Civera has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

7. Ruth Ann Baiocco (Agent of Defendants — School Board Director (President)) (Defendants are in possession of this person's last known address)
Ms. Baiocco can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Baiocco can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Ms. Baiocco has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations,

Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

8. <u>Frank Sill (Agent of Defendants — School Board Director (Vice President))</u>

(Defendants are in possession of this person's last known address)
Mr. Sill can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Sill can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Sill has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

9. <u>Ed Cardow (Agent of Defendants — School Board Director (Secretary))</u>
(Defendants are in possession of this person's last known address)
Mr. Cardow can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Cardow can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Cardow has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

10. <u>David Bartholf, Treasurer (Agent of Defendants — School Board Director (Secretary))</u> (Defendants are in possession of this person's last known address) Mr. Bartholf can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Bartholf can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Bartholf has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations,

Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

11. Georgianna Montella, (Agent of Defendants — School Board Director (Member)) (Defendants are in possession of this person's last known address) Ms. Montella can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Montella can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Ms. Montella has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

12. Meaghan Baker (Agent of Defendants — School Board Director (Member)) (Defendants are in possession of this person's last known address) Ms. Baker can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Baker can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Ms. Baker has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

13. Jacquie Jones (Agent of Defendants — School Board Director (Member)) (Defendants are in possession of this person's last known address) Ms. Jones can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Jones can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Ms. Jones has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA

leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

14. <u>Nancy Johnson (Agent of Defendants — School Board Director (Member))</u>
(Defendants are in possession of this person's last known address)
Ms. Johnson can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Johnson can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Ms. Johnson has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

15. <u>Jerry Dugan (Former Agent of Defendants— School Board of Directors (Member))</u> (Defendants are in possession of this person's last known address)
Mr. Dugan can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Dugan can provide information on Defendants subjecting Plaintiff disability discrimination, harassment, and retaliation for his complaints of the same and/or retaliation for his complaints of race discrimination and harassment. Mr. Dugan has information regarding, including but not limited to, Plaintiff's employment with Defendants, Plaintiff's compensation and wages, Plaintiff's schedule, Plaintiff's job duties, Plaintiff's requests for reasonable accommodations, Plaintiff's FMLA leave, and Plaintiff's complaints of Defendants' failure to remedy his complaints.

16. <u>Rock Williams (Agent of Defendants— Co-worker)</u>
(Defendants are in possession of this person's last known address)
Mr. Williams can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Williams can provide information on Defendants subjecting Plaintiff to disability discrimination, harassment, and retaliation for his complaints of the same and/or for his complaints of race discrimination and/or harassment.

17. <u>Rosalie Rosado (Former Agent of Defendants— Facilities Secretary)</u>
(Defendants are in possession of this person's last known address)

Ms. Rosado can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Rosado can provide information on Defendants subjecting Plaintiff to disability discrimination, harassment, and retaliation for his complaints of the same and/or for his complaints of race discrimination and/or harassment.

18. <u>Joanna Naugel (Agent of Defendants— Food Services Secretary)</u>
(Defendants are in possession of this person's last known address)
Ms. Naugel can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Naugel can provide information on Defendants subjecting Plaintiff to disability discrimination, harassment, and retaliation for his complaints of the same and/or for his complaints of race discrimination and/or harassment.

19. <u>Reginald Morris (Agent of Defendants— School District Plumber)</u>
(Defendants are in possession of this person's last known address)
Mr. Morris can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Morris can provide information on Defendants subjecting Plaintiff to disability discrimination, harassment, and retaliation for his complaints of the same and/or for his complaints of race discrimination and/or harassment.

20. <u>Dr. Ruben R. Cespon, MD (Medical Provider)</u>
(Crozer-Chester Medical Center - 2600 W 9th St, Chester, PA 19013)
Medical Providers can provide information on Plaintiff's medical condition, Plaintiff's medical treatments, and Plaintiff's need for reasonable accommodations.

21. <u>Nicole Taylor (Food Services Director)</u>
(Defendants are in possession of this person's last known address)
Ms. Taylor can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Taylor can provide information on Defendants subjecting Plaintiff to disability discrimination, harassment, and retaliation for his complaints of the same and/or for his complaints of race discrimination and/or harassment.

22. <u>John Dwyer (District Maintenance Worker)</u>
(Defendants are in possession of this person's last known address)
Ms. Taylor can provide information on the factual underpinnings for causes of action set forth in the Complaint. Ms. Taylor can provide information on

Defendants subjecting Plaintiff to disability discrimination, harassment, and retaliation for his complaints of the same and/or for his complaints of race discrimination and/or harassment.

23. John Oberhoff (District Maintenance Worker)
    (Defendants are in possession of this person's last known address)
    Mr. Oberhoff can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Oberhoff can provide information on Plaintiff's work schedule, job duties, work-ethic, behavior during work hours, and relationships with co-workers and supervisors.

24. James Keegan (District Maintenance Worker)
    (Defendants are in possession of this person's last known address)
    Mr. Keegan can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Keegan can provide information on Plaintiff's work schedule, job duties, work-ethic, behavior during work hours, and relationships with co-workers and supervisors.

25. Alexander Castaldi (District Maintenance Worker)
    (Defendants are in possession of this person's last known address)
    Mr. Castaldi can provide information on the factual underpinnings for causes of action set forth in the Complaint. Mr. Castaldi can provide information on Plaintiff's work schedule, job duties, work-ethic, behavior during work hours, and relationships with co-workers and supervisors.

26. Hugh Brenner, NP
    (Defendants are in possession of this person's last known address)
    Mr. Brenner can provide knowledge of Plaintiff's health conditions before, during, and after the discrimination and retaliatory conduct Plaintiff endured.

27. John C. Munshower, DO
    (Defendants are in possession of this person's last known address)
    Dr. Munshower can provide knowledge of Plaintiff's health conditions before, during, and after the discrimination and retaliatory conduct Plaintiff endured.

28. Nancy Powell, LPC
    (Defendants are in possession of this person's last known address)
    Ms. Powell can provide knowledge of Plaintiff's health conditions before, during, and after the discrimination and retaliatory conduct Plaintiff endured.

**Damages Witnesses**

Plaintiff reserves the right to call a damages witness.

## V.   SCHEDULE OF EXHIBITS

Plaintiff hereby provides a schedule of all exhibits expected to be offered at trial annexed hereto as "Exhibit A," which was also submitted to the Court on Monday, November 1, 2021. Plaintiff reserves the right to use additional records and exhibits as impeachment evidence during cross examination.

## VI.   LENGTH OF TRIAL

Mr. Tobin anticipates that trial will take four to five days, inclusive of all witnesses.

## VII.   COMMENTS

Pursuant to Your Honor's Scheduling Order, Defendants submitted their deposition designations to Plaintiff. Plaintiff thereafter submitted his objections and counter designations to Defendants. Plaintiff hereby provides his counter designations and objections to Defendants' deposition designations annexed hereto as "Exhibit B."

November 8, 2021

> **DEREK SMITH LAW GROUP, PLLC**
> */s/ Erica A. Shikunov*
> Erica A. Shikunov, Esq.
> Attorney for Plaintiff

17

1835 Market Street, Ste. 2950
Philadelphia, PA 19103
(215) 391-4790


TO:   LEVIN LEGAL GROUP, P.C.
      Michael I. Levin, Esquire
      Michael Sweeney, Esquire
      1301 Masons Mill Business Park
      1800 Byberry Road Huntingdon
      Valley, PA 19006
      *Attorney(s) for Defendants, Chichester School District;*
      *Fred Serino; Daniel Nerelli; Anthony Testa; And James Stewart*

      RAFFAELE PUPPIO
      Katherine H. Meehan, Esquire
      19 West 3rd Street
      Media, PA 19063
      *Attorney for Defendant Michael Civera*

18

# EXHIBIT A

| EXHIBIT | DATE | DESCRIPTION | BATES START | BATES END | LOCATION |
|---------|------|-------------|-------------|-----------|----------|
| A | 7/16/2021 | Deposition Transcript of Paul Tobin | N/A | N/A | |
| B | 8/20/2021 | Deposition Transcript of Fred Serino | N/A | N/A | |
| C | 6/19/2020 | Civera Email to Testa Regarding Discipline of Plaintiff | CSD 5 | CSD 5 | |
| D | 6/23/2020 | CSD HR letter to Plaintiff Regarding Investigation Findings | CSD 644 | CSD 644 | |
| E | 6/26/2020 | June 26, 2020 Texts between Civera and Serino | MC 255 | MC 255 | |
| F | 6/24/2020 | Civera Email to Plaintiff Regarding Custodial Operations | CSD 6 | CSD 6 | |
| G | 6/24/2020 | Testa Email to Civera and Serino Regarding Plaintiff's Complaints | CSD 9 | CSD 10 | |
| H | 7/1/2020 | Plaintiff's Email to CSD School Board Regarding Race Discrimination | CSD 3093 | CSD 3094 | |
| I | 7/15/2020 | Deposition Transcript of Mike Civera | N/A | N/A | |
| J | 7/7/2021 | Testa's Email Regarding Documented Verbal Reprimand | CSD 1296 | CSD1299 | |
| K | 8/27/2020 | Civera Email to Plaintiff Regarding Second Shift Transfer | PPT 4 | PPT 4 | |
| L | 8/28/2020 | Plaintiff's August 28, 2020 Doctor's Note | CSD 19 | CSD 19 | |
| M | 9/1/2021 | Deposition of Dr. Nerelli | N/A | N/A | |
| N | 9/1/2021 | Deposition of Anthony Testa | N/A | N/A | |
| O | 10/2/2020 | Serino's Letter to Plaintiff Regarding FMLA | CSD 327 | CSD 335 | |
| P | 11/16/2020 | Plaintiff's 11/16/2020 Loudermill Hearing Transcript | N/A | N/A | |
| Q | 11/17/2020 | Serino's Letter to Plaintiff - Notice of Suspension | CSD 550 | CSD 550 | |
| R | 12/4/2020 | CSD Letter to Plaintiff - Termination Letter | CSD 958 | CSD 961 | |
| S | 9/8/2021 | Affidavit of Fred Serino | N/A | N/A | Page 485 of CSD's MSJ |
| T | 8/18/2021 | Deposition Transcript of E. Nichole Taylor | N/A | N/A | |
| U | 8/14/2020 | CSD HR Letter to Civera - Notice of Allegations | CSD 2244 | CSD 2245 | |
| V | 9/8/2020 | CSD HR Letter to Civera - Notice of Fifteen (15) Day Suspension | CSD 2246 | CSD 2247 | |
| W | 12/3/2020 | CSD HR Letter to Civera - Reducting Fifteen (15) Day Suspension | CSD 2248 | CSD 2248 | |
| X | 10/30/2020 | Serino's Letter to Plaintiff Regarding "Unauthorized Leave" | CSD 653 | CSD 655 | |
| Y | 10/28/2020 | CSD HR Letter to Plaintiff - Absence and Sick Leave | CSD 344 | CSD 344 | |
| Z | 9/4/2020 | CSD HR Letter to Plaintiff - Interactive Process Meeting Letter | CSD 23 | CSD 25 | |
| AA | 9/28/2020 | CSD HR Letter to Plaintiff - Request for Accommodations | CSD 343 | CSD 343 | |
| BB | 11/6/2020 | CSD HR Letter to Plaintiff - Notice of Allegations Letter | CSD 345 | CSD 351 | |
| CC | 8/31/2020 | Serino's Email to Plaintiff Regarding Shift Change | CSD 20 | CSD 20 | |
| DD | 6/18/2020 | Plaintiff's Email to Testa Reporting Race Discrimination | N/A | N/A | |
| EE | 9/8/2020 | Excerpt from Ernest "Rock" Williams Loudermill Transcript | CSD 121 | CSD 123 | |
| FF | 9/4/2020 | CSD Letter to Ernest "Rock" Williams - Notice of Allegations | CSD 69 | CSD 70 | |
| GG | 9/8/2020 | Excerpt from Ernest "Rock" Williams Loudermill Transcript | CSD 99 | CSD 100 | |
| HH | 8/4/2020 | Plaintiff's Email to Dr. Powell Regarding Accomodations | PPT 328 | PPT 328 | |
| II | 11/2/2020 | Email Chain between Serino and Plaintiff Regarding "Unauthorized Leave" | CSD 3049 | CSD 3053 | |
| JJ | 9/8/2020 | Plaintiff's Interactive Process Meeting Transcript | CSD 29 | CSD 40 | |
| KK | 7/16/2020 | Plaintiff's Email to Ruth Ann Baiocco Following His 7/1/2020 Complaints | CSD 3159 | CSD 3163 | |
| LL | 8/13/2020 | Deposition of Ruth Ann Baiocco | N/A | N/A | |
| MM | 9/14/2020 | CSD HR letter to Plaintiff - Rescheduled Interactive Process Meeting | CSD 663 | CSD 663 | |
| NN | Various Dates | Counsels' Email Exchange | CSD 658 | CSD 662 | |
| OO | 3/13/2020 | CSD HR Letter to Civera - Notice of Written Reprimand | CSD 2242 | CSD 2243 | |
| PP | 7/1/2020 | Nerelli's Email to CSD School Board 7/1/2020 | CSD 3189 | CSD 3191 | |
| QQ | 11/19/2020 | Plaintiff's November 19, 2020, Doctor's Note | PPT 327 | PPT 327 | |
| RR | 9/30/2020 | Plantiff's FMLA Paperwork | PPT 36 | PPT 43 | |

# EXHIBIT B

**DEREK SMITH LAW GROUP, PLLC**
ERICA A. SHIKUNOV, ESQUIRE
Attorney ID No. 316841
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
erica@dereksmithlaw.com
*Attorneys for Plaintiff, Paul Tobin*

### IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL TOBIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 21-cv-01579-PD |
| v. | : | |
| | : | |
| CHICHESTER SCHOOL DISTRICT; | : | |
| CHICHESTER SCHOOL BOARD OF | : | |
| DIRECTORS; FRED SERINO | : | |
| (individually); DANIEL NERELLI | : | |
| (individually); ANTHONY TESTA | : | |
| (individually); JAMES STEWART | : | |
| (individually); MICHAEL CIVERA | : | |
| (individually), | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS

Defendants have designated the deposition testimony from four witnesses –

Dr. John Munshower, D.O., Hugh Brenner, N.P., Nancy Powell, LPC, Psy. D., and

Ruben Cespon, M.D.- taken in connection with the present litigation. Plaintiff asserts that the above deposition testimony is impermissible given the witnesses are not unavailable.

The deposition of an adverse party may be used for any purpose, regardless of availability. Fed. R. Civ. P. 32(a)(3). However, if the deponent is a non-party, he must be unavailable in order for the deposition to be used for any purpose other than for impeachment or another purpose allowed by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(4).

Under Rule 32(a)(4), a witness is unavailable if the court finds: (A) the witness is dead; (B) the witness is more than 100 miles from the place of trial or is outside the United States, (C) the witness cannot attend or testify because of age, illness, infirmity, or imprisonment, (D) the party offering the deposition could not procure the witness' attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable – in the interest of justice with due regard to the importance of live testimony in open court – to permit the deposition to be used. Fed. R. Civ. P. 32(a)(4)(A)-(E).

In the present case, none of the exceptions apply. Each witness is alive and can attend or testify. Additionally, there has been no evidence presented that defendants failed to subpoena the witnesses. Nor is there an exceptional circumstance which permits the deposition to be used. Additionally, each witness is

within the required distance from the place of trial. Trial is set to begin on February 1, 2022 in Courtroom 1A, United States District Court located at 601 Market Street, Philadelphia, PA 19106.   Dr. Munshower, D.O.'s office is located at Riddle Hospital, 2506, 1088 W Baltimore Pike Health Center 2, Media, PA 19063, approximately 40 minutes from the place of trial. Next, Hugh Brenner, N.P. practices at 201 N Jackson St., Media, PA 19063. Nancy Powell, LPC, Psy. D.'s office is located at 210 West Front Street Media, PA 19063 and is about 32 minutes from the place of trial. Lastly, although I could not locate a specific office for Ruben Cespon, M.D., he practices in Chester, PA which is approximately 20 minutes away from the place of trial.

For the above-mentioned reasons, Plaintiff objects to Defendants Deposition Designations.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

/s/ *Erica A. Shikunov*
ERICA A. SHIKUNOV
Attorneys for Plaintiff

November 8, 2021

**DEREK SMITH LAW GROUP, PLLC**
ERICA A. SHIKUNOV, ESQUIRE
Attorney ID No. 316841
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
erica@dereksmithlaw.com
*Attorneys for Plaintiff, Paul Tobin*

## IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL TOBIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 21-cv-01579-PD |
| v. | : | |
| | : | |
| CHICHESTER SCHOOL DISTRICT; | : | |
| CHICHESTER SCHOOL BOARD OF | : | |
| DIRECTORS; FRED SERINO | : | |
| (individually); DANIEL NERELLI | : | |
| (individually); ANTHONY TESTA | : | |
| (individually); JAMES STEWART | : | |
| (individually); MICHAEL CIVERA | : | |
| (individually), | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S COUNTER DESIGNATIONS

On November 1, 2021, Plaintiff provided Defendant with his objections to Defendants' deposition designation. Notwithstanding the foregoing, Plaintiff now submits his counter designations:

**<u>Dr. John Munshower, D.O.</u>**

Page 15, lines 11-25

Page 39, lines 10-24

Page 44, lines 20-25 to Page 45, lines 1-8.

Page 45, lines 22-25 to Page 47, line 12

Page 54, lines 1-25 through Page 57, line 1

Page 57, lines 19-25

Page 58, lines 7-14

**<u>Reben Cespon, M.D.</u>**

Page 37, line 11 to Page 40, line 22

**<u>Dr. Nancy Powell</u>**

Page 64, lines 12-25

**<u>Hugh Brenner NP</u>**

Page 14, lines 17-24

Page 35, lines 12-25 to Page 36, lines 1-5

Page 36, lines 14-16

Page 38, lines 10-18

Page 42, lines 11-21

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica Shikunov*
ERICA SHIKUNOV, ESQUIRE
*Attorneys for Plaintiff*

November 8, 2021