IN THE UNITED STATES DISTRICT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TOBIN, <br><br> Plaintiff, <br><br> v. <br><br> CHICHESTER SCHOOL DISTRICT; <br> FRED SERINO (individually); <br> DANIEL NERELLI (individually); <br> ANTHONY TESTA (individually); <br> JAMES STEWART (individually); <br> MICHAEL CIVERA (individually), <br><br> Defendants. | CIVIL ACTION NO. 21-cv-01579-PD |

## **DEFENDANT, MICHAEL CIVERA'S PRETRIAL MEMORANDUM**

NATURE OF THE ACTION / JURISDICTION

As against Defendant, Michael Civera ("Defendant Civera"), Plaintiff, Paul Tobin ("Plaintiff") has asserted violations of the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. (PHRA), alleging that Defendant Civera aided and abetted his employer, Chichester School District in committing disability and race discrimination and retaliation against Plaintiff.  This court has jurisdiction of the federal question claims asserted by Plaintiff under the Americans with Disabilities Act, Family Medical Leave Act, and Title VII of the Civil Rights Act of 1964, and supplemental jurisdiction of the state claims under the PHRA.

1

DEFENDANT'S STATEMENT OF THE CASE

Plaintiff was the Facilities Director, an important administrative position in the Chichester School District, from June of 2016 until he took a leave of absence in March of 2019. The Facilities Director is in charge of the Facilities Department, which encompasses all maintenance, custodial, and security operations for the School District. Plaintiff was out on leave for eight months, during which time, his direct subordinate, Facilities Supervisor, Defendant Michael Civera, served as the Interim Facilities Director. Upon Plaintiff's return in November of 2019, he requested to be placed in the Facilities Supervisor position, as he did not want the stress of being the lead administrator of the Facilities Department. The District granted his request, and Plaintiff was voluntarily demoted to the Supervisor Position. At the same time, Defendant Civera was promoted to the Facilities Director position.

Defendant Civera was only 27 years old when he was promoted to the directorship position on December 4, 2019. However, Defendant Civera is a leader not only in the District, but also in the community. Defendant Civera has served as a firefighter for Boothwyn Fire Department and Upper Chichester Fire Department for many years, and currently serves as a Lieutenant. Defendant Civera is accustomed to directing operations in often stressful situations. Defendant Civera began working for the District as a security guard in November of 2010, became a

Maintenance Class B employee in May of 2011, Maintenance Class A in September of 2015, and Facilities Supervisor in April of 2018.  On March 4, 2019, Defendant was made the Interim Facilities Director during Plaintiff's leave.  Although he was young when he took over the Director role, Defendant Civera was thoroughly familiar with the workings of the Department having worked in many roles during nearly10 years there.  Defendant believes Plaintiff, a middle aged, divorced man, resented Defendant's youthfulness, drive and ability to successfully lead the Department, particularly with the unprecedented occurrence of the COVID-19 pandemic.

As the Facilities Supervisor, Plaintiff initially cooperated and worked with the new Facilities Director.  However, over time, Plaintiff demonstrated an increasing pattern of failing or refusing to comply with directives given him by the young Director, disparaging the Director to Plaintiff's subordinates, and basically doing what he wanted to do instead of following directions.  Plaintiff's insubordination became particularly acute after a January 2020 incident involving Defendant Civera.  At that time, Defendant Civera had used a piece of equipment incorrectly at his home during off hours, and sustained an injury.  Defendant Civera raised his concerns about handling equipment safely with Plaintiff; unfortunately, Plaintiff believed Defendant Civera was accusing Plaintiff of causing his injuries, which was not the case.  Plaintiff became aggressive and

intimidating towards Defendant Civera.  Following that incident, Plaintiff's hostilities towards Defendant Civera increased.  Plaintiff escalated his campaign to make Defendant Civera unsuccessful as the Director.  Defendant Civera recognized Plaintiff's actions and shared his concerns with Fred Serino and Tony Testa.  Fred Serino advised Defendant Civera to begin writing down the difficulties he was experiencing, so Defendant Civera began keeping a list.   Examples of Plaintiff's performance issues included failing to communicate with Defendant Civera about job tasks and operations; being unlocatable during his shift; and Defendant having to explain to Plaintiff multiple times what needed to be done.

On March 2, 2020, Plaintiff went to Superintendent Dr. Daniel Nerelli to complain about an incident that had occurred nearly a year prior involving Defendant Civera, that Plaintiff never witnessed.  It must be noted that Plaintiff did not follow the proper chain of command to report concerns to Defendant Civera's supervisor, Anthony Testa.  That incident occurred in the shared administrative offices of the Facilities Department and Food Service Department.  Defendant Civera, Food Service Director Nicole Taylor, and assistants Rosalie Rosado and Joanna Naugle were laughing about a social media post of fictional acronyms used by firefighters.  On the list of false acronyms was "NBC", which stood for "N-word Burning Chicken".  At the time, Defendant Civera laughed about the acronym because fire companies often have to respond to calls because people

have burned their food. Defendant Civera never said the N-word, and was not laughing at that part of the acronym. Ms. Taylor (an African American woman) set Defendant Civera straight as to why use of the N-word, even as a joke, is highly offensive. Defendant apologized to Ms. Taylor repeatedly, as he had not intended to offend anyone.

As a result of Plaintiff's report, the District launched an investigation under its anti-discrimination policy. Defendant Civera was directed not to retaliate against anyone, and he did not. Defendant admitted the incident occurred, and that he was sorry he offended anyone. On August 19, 2020, the District gave Defendant Civera progressive discipline which included a written reprimand for neglect of duty and improper conduct. Defendant Civera was unaware that it was Plaintiff who reported the incident. Plaintiff was unhappy that Defendant Civera was not punished more quickly and more severely.

On March 13, 2020, all District schools and offices shut down at the order of Governor Wolf, due to the COVID-19 pandemic. After several weeks of shutdown, the Facilities staff returned to work at the District's buildings in order to cut grass and maintain the properties. The custodial staff worked during the day time during the summer months, while during the school year they were split into day and night shifts. Plaintiff was supervising custodians during the day shift during the summer. During the prior two school years, Plaintiff had worked 12:00

pm to 8:00 or 10:00 pm on alternating days; Defendant Civera worked 8:00 am to 8:00 pm each day.

On June 18, 2020, Plaintiff made a second report against Defendant Civera. Plaintiff again reported to Dr. Nerelli, who directed him that the proper chain of command was to report to Tony Testa, Defendant Civera's supervisor. Plaintiff reported to Defendant Testa that Defendant Civera had called another employee an "F** N***"; as with the first report, Plaintiff did not witness this alleged incident. An investigation was initiated by Mr. Testa and Mr. Serino. Defendant Civera adamantly denies this ever occurred, and testified under oath that he does not speak that way and does not use the n-word. Defendant Civera further testified that he works in a diverse environment both in the Chichester School District and in the Fire Departments he has served throughout his career, and has received diversity training at various times. As part of the investigation, Defendant Civera was directed not to retaliate in any way against Plaintiff or anyone involved; and Defendant did not. Defendant Civera also knew the allegations were not true and was confident the investigation process to reveal that they were not true; which appeared to him to be the case.

On June 30, 2020, Defendant Civera directed Plaintiff to remove the grate over a storm grate and clean out the box for further evaluation. Rather than simply performing the task, Plaintiff endeavored to make repairs after Defendant

6

repeatedly instructed him otherwise.  As a result, the District expended unnecessary manpower and expense.  Defendant Civera issued a documented verbal reprimand for Plaintiff's insubordination.  That DVR was issued on July 7, 2020.  Plaintiff appealed the decision, and the DVR was amended but the reprimand remained.

In the late summer of 2020, it was very uncertain how schools would re-open for the 2020-2021 school year, but the District nevertheless needed to prepare for staff and students to be back in the school buildings after being out since March.  In addition, the Pennsylvania Department of Education mandated every school district to develop, approve and post on their websites their Health and Safety Plan for return to school.  The District's plan included, among other things, plans for increased cleaning and sanitization.  Thus, there were increased duties for the custodial staff at the District in preparing for the coming year.  On August 25, 2020, in regular consultation of Department matters, the decision was made by Mr. Testa and Mr. Civera to assign Plaintiff as the supervisor of the custodians on the second shift for the coming school year.  Supervision of the 48-50 custodians on second shift was necessary due to the increased duties caused by the COVID pandemic, and because complaints had been received that cleaning had not been thorough.  As mentioned, Plaintiff had previously supervised this shift in the preceding school years.

On August 27, 2020, Defendant Civera met with Plaintiff to inform him of the change, which would become effective on August 31, 2020. On August 31, 2020, Plaintiff appeared at work during the day shift, rather than the second shift, and told Defendant Civera that he had a doctor note for Human Resources. Plaintiff did not provide the note to Defendant Civera. Once Plaintiff provided his note to the Human Resources Department, all matters concerning Plaintiff's time out of work, medical condition and request for accommodations were addressed by Central Administration, and not Defendant Civera. Similarly, decisions regarding discipline and termination of Plaintiff were handled by Central Administration and the School Board, and not Defendant Civera.

Defendant Civera was not notified of a fifteen day suspension due to Plaintiff's second report until September 8, 2020. He disputed that decision, pointing out to Human Resources the inconsistencies in the witness statements. After further consideration of those factors and because Defendant was needed for COVID matters, in December 2020, the fifteen day suspension was changed to five days unpaid suspension and the removal of 10 days from his accumulated vacation time.

WITNESSES

Michael Civera

Nichole Taylor

Fred Serino

Tony Testa

Daniel Nerelli

Defendant Civera reserves the right to supplement this list to include any witnesses previously identified by any of the parties to this action.

ESTIMATE OF TRIAL TIME

5-8 days

SPECIAL ISSUES

None.

                                  Respectfully Submitted,

                                  **RAFFAELE PUPPIO**

                                  BY:___*Katherine H. Meehan*_____
                                       Katherine H. Meehan, Esquire
                                       Attorney for Defendant,
                                       Michael Civera
                                       19 West Third Street
                                       Media, PA  19063
                                       (610) 891-6710
                                       Meehan@RaffaelePuppio.com

Date:  11/8/21

## **CERTIFICATE OF SERVICE**

I, Katherine H. Meehan, counsel for Defendant, MICHAEL CIVERA, hereby certify that on the date set forth below the foregoing Defendant's Pretrial Memorandum was electronically filed and is available for viewing and downloading from the Court's ECF system, and was sent to the following by email:

| | |
|---|---|
| Erica A. Shikunov, Esquire<br>Tova Rabin, Esquire<br>Samuel Wilson, Esquire<br>Derek Smith Law Group, PLLC<br>1835 Market Street, Suite 2950<br>Philadelphia, PA 19103<br><br>Attorneys for Plaintiff | Michael Levin, Esquire<br>Michael Sweeney, Esquire<br>Levin Legal Group<br>1301 Masons Mill Business Park<br>1800 Byberry Road<br>Huntingdon Valley, PA 19006<br><br>Attorneys for Defendants, Chichester School District, Fred Serino, Daniel Nerelli, Anthony Testa, and James Stewart |

                                                           __*Katherine H. Meehan*_____

                                                           Katherine H. Meehan